**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00046-MR-WCM-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **MARISSA JADE BURT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion seeking amendment of her Presentence Report [Doc. 197].

The Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and one count of distribution of methamphetamine and aiding and abetting the same. In the Plea Agreement, the Defendant and the Government stipulated that a dangerous weapon was possessed during an offense and therefore, that a two-level enhancement was applicable for the purposes of U.S.S.G. § 2D1.1(b)(1). The Defendant was sentenced to a total of 78 months' imprisonment, well below the guideline imprisonment

range of 135 to 168 months.  [Doc. 174].  The Defendant did not file a direct appeal.

The Defendant now moves for an Order removing the two-level enhancement for possession of a firearm during the offense.  For grounds, the Defendant argues that such enhancement prevents her from entering the Residential Drug and Alcohol Abuse Program (RDAP) and receiving more good time credit.  [Doc. 197].

As noted above, the Defendant stipulated to the two-level enhancement in her Plea Agreement, and that enhancement is amply supported by the Factual Basis.  [See Doc. 95].  Further, she did not file a direct appeal challenging her sentence.  Accordingly, the Defendant has waived further challenge to the two-level enhancement in her PSR.  See United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989) (holding that defendant waived challenge to PSR by failing to seek direct review); United States v. Scott, 8 F. App'x 275, 276 (4th Cir. 2001) (per curiam) (citing Emanuel with approval).

The Court notes that in the Judgment in this case the Court recommended that the Defendant be placed in the RDAP program, if eligible. [Doc. 174 at 2].  In doing so, the Court has already done all it can to achieve the result that Defendant seeks.  Any further determination regarding the

manner in which the BOP executes the sentence is left to the administrative determination of the BOP.  The Court notes, however, that the progress the Defendant reports is excellent and is to be commended.  While this progress supports favorable treatment by the BOP, it does not give rise to any opportunity for the Court to provide any further assistance regarding RDAP.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion seeking amendment of her Presentence Report [Doc. 197], is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 1, 2019

Martin Reidinger
United States District Judge